UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Unum Life Insurance
Company of America

    v.

LuAnn Allard and
Tiffany Allard

Case No. 20-cv-619-SM
Opinion No. 2023 DNH 030

**O R D E R**

Unum Life Insurance Company ("Unum") brought this interpleader action under the Employee Retirement Income Security Act ["ERISA"], asking the court to determine which claimant, LuAnn Allard or Tiffany Allard, was entitled to life insurance benefits following the death of the plan beneficiary, Steven Allard. Neither LuAnn nor Tiffany Allard filed an appearance in the case, and default was entered against both of them. Doc. no. 13. Unum deposited the insurance benefits payable under the policy into the court's registry (approximately $40,000) and was released from any further obligations under its insurance contract.[1]

Almost two years later, LuAnn Allard filed a motion asking for release of the insurance benefits to her. Doc. no. 18. In response, the court lifted the default entered against LuAnn

---

[1] Unum was allowed to deposit the funds into the court registry, but no default judgment was entered at that time. The court also denied Unum's request for an award of costs and fees in this action. Doc. no. 16.

Allard and directed Tiffany Allard to contact the court to pursue her own claim to the benefits.  In response, Tiffany Allard filed a motion to determine the beneficiary of the life insurance benefits. Doc. no. 22.  The court referred the case to the Magistrate Judge for mediation.

Mediation was unsuccessful because LuAnn Allard failed to respond to the court's notice and additional efforts to contact her.  The motions remain pending.

## Background

In the complaint, Unum alleges that Steven Allard, the decedent, had basic life insurance coverage under a group insurance policy provided to New England Carpenters Health Benefits Fund ["Group Policy"] by Unum.  Unum further alleges that the Group Policy provides benefits under an ERISA plan. Steven was married to LuAnn Allard when he obtained coverage under the Group Policy in 1998 and named LuAnn as his sole beneficiary.  Doc. no. 21-2, at 2.

Steven and LuAnn Allard were divorced in 2016.  As part of the "Final Orders on Property, Debt Division and Support," Steven and LuAnn were each "awarded any life insurance policies in his or her own name, free and clear of any interest of the other."  Doc. no. 20-1, at 7.  Thereafter, Steven married Tiffany.  Steven died on January 19, 2020.  Tiffany Allard was

2

his spouse at the time of his death. Steven did not complete a beneficiary change form after the divorce to remove LuAnn as the beneficiary, nor did he complete a beneficiary change form after his marriage to Tiffany.

Both LuAnn Allard and Tiffany Allard filed claims with Unum for Steven's life insurance benefits under the Group Policy. When the complaint was filed, the amount of the death benefits was approximately $40,000.00, and Unum deposited $40,035.75 in the court's registry.

### LuAnn's Motion

On August 3, 2022, LuAnn filed a form motion in which she states that she is requesting allocation of the life insurance benefits to her because she is the named beneficiary of record. Her return address was given as 977 Daniel Webster Highway in Woodstock, New Hampshire, and that is the only address the court has for LuAnn. That filing is the only contact LuAnn has had with the court in this case.

### Tiffany's Motion

Tiffany filed a motion to determine the beneficiary on December 31, 2022. Tiffany states in her motion that she and Steven went to the Carpenters Union Benefits Fund Office in June of 2016 to change the beneficiary status on his benefits plans. Doc. no. 22, at 1. They thought that the documents they signed included the life insurance. Tiffany further states that

3

previously, after Steven and LuAnn were separated in 2011, Steven intended to change the life insurance beneficiaries from LuAnn to his children and signed a document for that purpose. Steven, however, never submitted the signed document. Steven and LuAnn's children lived with Tiffany and Steven beginning in January of 2018, and, after Steven's death, Tiffany was awarded physical custody of the children but shared guardianship with LuAnn.

When notified of the life insurance benefits, Tiffany proposed to LuAnn that they share the benefits so that LuAnn could find housing and Tiffany could use the money to care for the children, particularly because LuAnn had not complied with her court-ordered child support payments. LuAnn reportedly told Tiffany that she could have the insurance benefits but had no further communication with Tiffany on the matter. The children have now reached the age of majority, eighteen, and are in trade school after high school.

## Discussion

Unum notes that LuAnn has a claim to the benefits because she is designated as the beneficiary in the plan documents, and that Tiffany has a claim because the divorce decree included the provision quoted above. In her motion for allocation of funds, LuAnn seeks the life insurance benefits because she is the named

4

beneficiary. In her motion, Tiffany seeks the life insurance benefits as Steven's spouse at the time of his death.

A. <u>Beneficiary Designation</u>

Unum brought this case under ERISA, asserting without contradiction, that the Unum group policy is part of an ERISA-qualified plan. Doc. no. 1. The Supreme Court addressed a similar issue in <u>Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan</u>, 555 U.S. 285 (2009), which required a determination of benefits entitlement between a decedent's ex-wife, who was the named beneficiary in an ERISA plan but had relinquished her right to her ex-husband's pension benefit in the divorce decree, and his estate. The Court first considered and rejected application of the anti-alienation provision in ERISA, 29 U.S.C. § 1506(d). <u>Id.</u> at 292-99. The Court then held that under ERISA the distribution decision depended on the directives provided in the pension plan documents and records, not on the meaning of extrinsic documents, expressions of intent contrary to the plan documents, or the effects of state law or federal common law. <u>Id.</u> at 300-01.

The Court focused on the need for clarity and simplicity in ERISA determinations to ensure that the payment of benefits is expedited, and to minimize administrative and litigation burdens on plan administrators. <u>Id.</u> The process followed in <u>Kennedy</u>--

5

looking exclusively to plan documents to determine benefits eligibility--is known as "the plan documents rule." Id. at 303; Ellis v. Liberty Life Assurance Co. of Boston, 958 F.3d 1271, 1287 (10th Cir. 2020); Boyd v. Metropolitan Life Ins. Co., 636 F.3d 138, 140 (4th Cir. 2011).  Although Kennedy involved distribution of funds under an ERISA pension benefit plan, the plan documents rule applies with equal authority when determining a beneficiary under an ERISA welfare benefits plan, such as the life insurance policy at issue here.  See Estate of Kensinger v. URL Pharma, Inc., 674 F.3d 131, 134 (3d Cir. 2012); Matschiner v. Hartford Life Ins. Co., 622 F.3d 885, 888–89 (8th Cir. 2010); Ford v. Freemen, 388 F. Supp. 3d 692, 707 (N.D. Tex. 2019); Martens v. Hogan, No. CV 17-5169 (DWF/DTS), 2018 WL 1865931, at *2 (D. Minn. Apr. 18, 2018); Est. of Lutz v. Lutz, No. CV 16-01461, 2017 WL 714032, at *5 (E.D. Pa. Feb. 23, 2017).

In this case, the plan documents identify LuAnn Allard as the named beneficiary of Steven Allard's life insurance under the Group Plan.  The Group Plan states that the life insurance plan "provides financial protection for your beneficiary(ies) by paying a benefit in the event of your death."  Doc. no. 21-1, at 3.  Although the Group Plan provides a means for changing the beneficiary, Steven Allard did not do so. Doc. 21-1, at 10. Under the plan documents rule, the court does not consider what, if any, effect the provision in the Allards' divorce decree,

pertaining to their rights to insurance policies, would have on the beneficiary designation.  Therefore, ordinarily, the benefits would be awarded to LuAnn by simple application of a straightforward rule.

B. <u>Disqualifying Circumstances in this Case</u>

In this case, however, there is an additional wrinkle. LuAnn was initially in default for two years until the court deemed her filing in August of 2022 to be grounds to lift the default.  After filing her motion, however, LuAnn again abandoned any participation in this action.  She filed no response to Tiffany's motion, which was filed at the end of December of 2022.  The notice of mediation and notice that the court needed contact information was mailed to LuAnn at her address in Woodstock, New Hampshire, on January 11, 2023, but was returned as not deliverable.  Tiffany attended the scheduling conference on February 1, 2023, but LuAnn did not attend, nor did she contact the court.  The court then ordered LuAnn to notify the court of her current address and whether she intended to participate in mediation on February 3, 2023.  That mail was also returned as undeliverable.  LuAnn has not contacted the court with a new address or any other contact information since that time.

Currently the court is utterly unable to communicate with or contact LuAnn. The address LuAnn gave the court is not effective. She has provided no updated address or made any effort to contact the court, despite a court order that she do so. See also LR 83.6(e) (requiring parties to "immediately notify the clerk's office in writing of any change of address and telephone number").

### C. Failure to Prosecute

Under Federal Rule of Civil Procedure 41(b), if a party seeking action from the court "fails to prosecute or to comply with these rules or a court order," an opposing party may move to dismiss the action. In addition, the court has authority as part of its inherent power to manage its own docket to dismiss a claim for the reasons provided in Rule 41(b), including lack of diligent prosecution. Cintrol-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002); Relf v. Pender, 2023 WL 349849, at *5 (D. Mass. Jan. 20, 2023).

LuAnn ceased all prosecution of her claim in this case notwithstanding the court's efforts to assist her. For that reason, LuAnn's claim to the benefits under Steven's life insurance policy in this interpleader action is dismissed for failure to prosecute, failure to provide a current address and contact information, and failure to comply with the court's

8

order and Local Rule 83.6(e). See Theriault v. Gillen, 2022 WL 13918509, at *1 (D. Me. Oct. 24, 2022) (citing United States v. Guerrero, 302 Fed. App'x 769, 771 (10th Cir. 2008); Lewis v. Hardy, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); Carvel v. Durst, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); Am. Arbitration Ass'n, Inc. v. Defonseca, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication.").

D. Provisions in the Plan

The plan terms provide as follows:

It is important that you name a beneficiary and keep your designation current. If more than one beneficiary is named and you do not designate their order or share of payments, the beneficiaries will share equally. The share of a beneficiary who dies before you, or the share of a beneficiary who is disqualified, will pass to any surviving beneficiaries in the order you designated.

If you do not name a beneficiary, or if all named beneficiaries do not survive you, or if your named beneficiary is disqualified, your death benefit will be paid to your estate.

Instead of making a death payment to your estate, Unum has the right to make payment to the first surviving family members of the family members in the order listed below:
- spouse;
- child or children;
- mother or father; or
- sisters or brothers.

Doc. no. 21-1, at 10.  Although this is an ERISA case, UNUM did not make any administrative decision before filing its interpleader complaint, depositing the funds, and being relieved of its obligations.  The parties have not disputed UNUM's decision to seek resolution by the court rather than the plan administrator, which forfeits any objection to the process.  <u>Forcier v. Metropolitan Life Inc. Co.</u>, 469 F.3d 178, 183 (1st Cir. 2006).

    LuAnn Allard is "disqualified" from obtaining the benefits because her claim has been abandoned and dismissed for failure to prosecute.  In this circumstance, the court, standing in the shoes of Unum as plan administrator, may award the benefit to Steven's estate.  Alternatively, the court may make the payment to Steven's spouse, Tiffany Allard.  Based on the circumstances and record presented here, that is the appropriate outcome in this case.

## Conclusion

    For the foregoing reasons, LuAnn Allard's motion for allocation of funds (document no. 18) is denied.  Tiffany Allard's motion to determine the beneficiary (document no. 22) is granted.  Tiffany Allard is the beneficiary of the life insurance benefits provided by the Group Policy issued to Steven

Allard, decedent, that were deposited in the court registry by Unum.

The clerk of court shall pay the amount deposited by Unum, along with any accrued interest, to Tiffany Allard, after the expiration of the time allowed by the applicable rules of civil procedure for the parties to file direct appeals from this order.

The clerk of court shall enter judgment accordingly, with prejudice, and close the case.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

March 28, 2023

cc: Byrne J. Decker, Esq.
    LuAnn Allard, pro se
    Tiffany Allard, pro se